UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ERNEST DICKERSON,

    Plaintiff,

v.

PENINSULA DAILY NEWSPAPER,

    Defendant.

Case No. C06-5423 RJB/KLS

ORDER TO SHOW CAUSE FOR FAILURE TO STATE A CLAIM AND FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

    This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Before the Court for review is Plaintiff's proposed civil rights Complaint in which Plaintiff purports to sue the Peninsula Daily Newspaper. (Dkt. # 1). However, Plaintiff has failed to allege any conduct or request relief pursuant to § 1983. The Court finds that Plaintiff must show cause why his Complaint should not be dismissed for failure to state a claim. Additionally, Plaintiff states that a grievance process is ongoing, but not complete. Accordingly, the Court finds that Plaintiff must show cause why his Complaint should not be dismissed for failure to exhaust his administrative remedies.

    **A.    Failure to State a Claim Under Section 1983**

    In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

ORDER
Page - 1

1    Plaintiff must also allege facts showing how individually named defendants caused or personally
2 participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.
3 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory
4 responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58
5 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665
6 F.2d 965 (9th Cir. 1982).

7    Plaintiff names no individual defendants causing or personally participating in any harm or conduct
8 giving rise to constitutional violations under § 1983.   Plaintiff's Complaint contains no factual allegations
9 of any kind. seeks no relief, and states no causes of action.

10   **B.   Failure to Exhaust Administration Remedies**

11   The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior
12 to filing a complaint in federal court.  The relevant portion of the PLRA states:

13   No action shall be brought with respect to prison conditions under section 1983 of this title,
     or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
14   facility until such administrative remedies as are available are exhausted.

15  42 U.S.C. § 1997e(a).

16   This requirement "applies to all prisoners seeking redress for prison circumstances or occurrences."
17 Porter v. Nussle, 534 U.S. 516, 520 (2002).  Further, "[a]ll 'available' remedies" must be exhausted,
18 "[e]ven when the prisoner seeks relief not available in grievance proceedings." Id. at 524.   Inmates must
19 exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any
20 relief or taking any action in response to the grievance. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819,
21 1825 (2001).

22   The Supreme Court recently reaffirmed this in Woodford v. Ngo. 548 U.S. ___, 126 S.Ct. 2378,
23 No. 05-416 at 1 (2006).  In that case, the Court not only upheld the requirement that inmates fully exhaust
24 available administrative remedies, but it also held that those attempts needed to be done in a timely manner.
25 Id. at 11.

26   In his proposed civil Complaint, plaintiff indicates that the grievance process is not complete.
27 Accordingly, the record reflects that plaintiff filed this lawsuit prematurely and has not yet fully exhausted
28 his administrative remedies. Because plaintiff has failed to exhaust his available administrative remedies,

plaintiff must show cause why this case should not be dismissed.

Accordingly, it is **ORDERED:**

1. Plaintiff shall show cause why this Complaint should not be dismissed. A response is due by **October 31, 2006.** If plaintiff fails to file a response or the response shows the Plaintiff cannot go forward the court will enter a report and recommendation that the Complaint be dismissed.

2. The Court Clerk is directed to send a copy of this Order to Plaintiff.

DATED this 26th day of September, 2006.

Karen L. Strombom
United States Magistrate Judge