UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ERNEST DICKERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PENINSULA DAILY NEWSPAPER,<br><br>　　　　　Defendant. | Case No. C06-5423 RJB/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**December 1, 2006** |

　　　　This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff was given leave to proceed *in forma pauperis.* On September 26, 2006, Plaintiff was ordered to show cause why his Complaint should not be dismissed for failure to exhaust his administrative remedies. Plaintiff has failed to respond to this Court's Order. This report follows, recommending that Plaintiff's Complaint be dismissed with prejudice.

**DISCUSSION**

　　　　Plaintiff purports to sue the Peninsula Daily Newspaper under U.S.C. § 1983. Plaintiff has, however, failed to allege any conduct or request relief pursuant to Section 1983. (Dkt. # 1). Plaintiff does allege that a grievance process is ongoing, but not complete. (Id.) The Court advised Plaintiff that in order to state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the

REPORT AND RECOMMENDATION - 1

conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. (Dkt. # 9 (*citing* Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986)).

Plaintiff was also advised that he must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. (Dkt. # 9 (*citing* Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981)). Plaintiff failed to name any individual defendants who caused or personally participated in any harm or conduct giving rise to constitutional violations under § 1983. Indeed, Plaintiff's complaint contained no factual allegations of any kind, sought no relief, and stated no causes of action.

Finally, the Court advised Plaintiff that the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. (Dkt. # 9). The relevant portion of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Supreme Court recently reaffirmed this in Woodford v. Ngo. 548 U.S. ___, 126 S.Ct. 2378, No. 05-416 at 1 (2006). In that case, the Court not only upheld the requirement that the inmates fully exhaust available administrative remedies, but it also held that those attempts needed to be done in a timely manner. Id. at 11.[1] Plaintiff indicated in his Complaint that the grievance process is not complete.

Accordingly, because Plaintiff failed to allege any conduct or request any relief pursuant to Section 1983 and because it appeared that Plaintiff failed to exhaust his available administrative remedies prior to filing suit, Plaintiff was ordered to show cause by October 31, 2006, why his case should not be dismissed. Plaintiff was also advised that if he failed to file a response or if the

---

[1] Non-exhaustion under section 1997e(a) creates a defense that must be raised and proved by the defendant; unless the complaint clearly demonstrates a failure to exhaust on its face. *See* Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

REPORT AND RECOMMENDATION - 2

response showed that he could not go forward, the Court would enter a report and recommendation that his Complaint should be dismissed.

Plaintiff did not respond to the Court's order to show cause by the October 1st deadline, nor did he seek an extension of the deadline.

## CONCLUSION

Plaintiff was ordered to show cause why his complaint should not be dismissed.  (Dkt. # 9). Plaintiff has not complied with this Court's Order nor has he sought an extension of the deadline.   The Court recommends the action be **DISMISSED WITH PREJUDICE**.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 1, 2006**, as noted in the caption.

**DATED** this 9th   day of November, 2006**.**

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3